```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JASON V. GAINEY**                                                     **CIVIL ACTION**

**VERSUS**                                                              **NO. 10-0371**

**LIEUTENANT DAVID HANSON, ET AL**                                      **SECTION "A"(5)**

                        REPORT AND RECOMMENDATION

Plaintiff, Jason Gainey, filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983, asserting that while incarcerated in the St. Tammany Parish Jail, he was placed on administrative lockdown in isolation where he remained for a period of 320 days until he was transferred to Elayn Hunt Correctional Center.[1]  Gainey was placed in isolation upon being recaptured following his successful escape from the St. Tammany Parish Jail on June 18, 2009.[2]

---

[1] Gainey was transferred to Elayn Hunt Correctional Center following his trial and subsequent armed robbery conviction for which he was sentenced to 99 years incarceration.  Thus, Gainey, during his incarceration in the St. Tammany Parish Jail, was a pre-trial detainee.

[2] Gainey had previously attempted to escape and subsequently attempted to escape from isolation.  As a result, Gainey was charged with escape, along with other charges, and was ultimately convicted, receiving, in addition to his 99-year armed robbery

Gainey complains that his placement in isolation constituted a violation of his right to due process because he was not provided with either notice or a hearing prior to his placement in isolation and was not provided with an opportunity to appeal the decision to place him in isolation.[3]

Gainey has named as defendants Lieutenant David Hansen, Warden Gregory Longino, and Sheriff Jack Strain.  Gainey alleges that Lieutenant Hansen is responsible for his being placed in isolation and that Hansen advised him that he would remain in isolation until he left the St. Tammany Parish Jail.  Warden Longino's involvement, less direct, stems from discussions Gainey had with Longino on two occasions regarding his possible release from isolation.  Sheriff Strain's involvement, even more tenuous, arises from the fact that he sent a detective to speak with Gainey regarding the possibility of Gainey having his privileges restored in exchange for Gainey's cooperation in an ongoing investigation.

---

sentence, an additional 10-year sentence.

[3]Gainey specified, during a July 28, 2010 preliminary conference, that as a result of his isolation, he was denied telephone privileges for three months; he was not allowed outside visitation with family members for a period of five months; he was not allowed in the exercise yard for a six month period; and, he was not allowed commissary purchases of hygiene items or clothing for three months or purchases of food items for five months.  After six months, however, all of Gainey's privileges, with the exception of television, were restored.  See Rec. doc. 22, p. 3.

With respect to actions filed <u>in forma pauperis</u>, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir.1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a

claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing Gainey's complaint, along with his allegations set forth during a subsequent status conference,[4] the undersigned recommends that plaintiff's claims be dismissed as frivolous, and/or for failing to state a claim on which relief may

---

[4]The Court must liberally construe a pro se civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994).

be granted.

A pre-trial detainee generally cannot be subjected to punitive conditions of confinement, such as placement in isolation, without notice and an opportunity to be heard. However, there are exceptions to this general rule. As the court explained in Buck v. Lake County Sheriff, 2003 WL 22118933, 2 (N.D. Ill. Sept. 11, 2003):  "It may be that there were extenuating circumstances that justified the plaintiff's placement in segregation (for example, there may have been a jail-wide lockdown warranted by some crisis, the plaintiff may have been classified as a suicide or **high escape risk**, there may have been an assessment that he was particularly dangerous, or correctional officials may have believed that he faced danger at the hands of fellow prisoners) [emphasis added]." "But no [due] process is required if [a pre-trial detainee] is placed in segregation not as punishment but for managerial reasons."  Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535-541 (1979); Rapier v. Harris, 172 F.3d 999, 1002-1006 (7th Cir. 1999); Fuentes v. Wagner, 206 F.3d 335, 341-342 (3rd Cir.), cert. denied, 531 U.S. 821, 121 S.Ct. 63, 148 L.Ed.2d 29 (2000)).  Thus, "placement in administrative, non-punitive segregation as a 'preventive rather than a punitive' measure would not require notice and a hearing and

would not violate the plaintiff's constitutional rights."  <u>Buck</u>, 2003 WL 22118933 at 2.

In the instant matter, Gainey was clearly placed in isolation not as a punitive measure, but rather, as a preventive measure, to preclude him from escaping again.  As the Court understands matters, there was no other housing available in which to place Gainey from which he had not already shown the ability to escape other than isolation.  Therefore, the fact that he was not provided with notice and a hearing before his placement in isolation and was not provided with an opportunity to appeal his residence in isolation did not constitute a denial of his right to due process.  In this instance, the ability of the prison to maintain security and order outweighs any right of the plaintiff to complain of his dissatisfaction with his accommodations.  Accordingly;

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Gainey's claims be dismissed with prejudice as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __15th__ day of _____July_____, 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE